**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Judy Pederson Rogers &
William Ernest Rogers

    v.                                        Civil No. 06-cv-115-PB

United States Department of Health
and Human Services, et al.

**O R D E R**

Pro se plaintiffs Judy Pederson Rogers and William Ernest Rogers have filed suit against the United States Department of Health and Human Services and the Centers for Medicare and Medicaid Services pursuant to the Social Security Act, 42 U.S.C. § 301, et seq., alleging that the defendants improperly upheld a decision to exclude plaintiffs from participation in Medicare and Medicaid federal and state programs as health care providers. Because plaintiffs are proceeding pro se and have paid their filing fee, the complaint is before me for preliminary review to determine whether this court's subject matter jurisdiction has been invoked. See United States District Court for the District of New Hampshire Local Rule 4.3(d)(1)(A).

Standard of Review

In reviewing a pro se complaint, this court must construe the pleading liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988). I apply this standard in reviewing the plaintiffs' complaint.

Background

The plaintiffs allege that while living in Connecticut, they were partners in a business providing health care and pharmacy services primarily to poor urban residents with HIV and AIDS. In 2000, the Connecticut Department of Social Services ("CDSS") audited the health care enterprises owned by the Rogers. The audit identified a number of errors made in relation to Medicare and Medicaid billing and sought to recoup almost two million dollars from the plaintiffs. Plaintiffs disagreed with the outcome of the audit and retained counsel, who filed suit in the Connecticut Superior Court to stay the CDSS recoupment efforts. Shortly after this lawsuit was commenced, CDSS, without explanation, reclassified the previously identified "errors" as fraud and the Rogers were directed to defend themselves against the fraud charges at an internal CDSS hearing.

In 2003, the Connecticut Superior Court stayed the recoupment order. CDSS then aggressively sought to increase their efforts to audit plaintiffs' businesses and as a result, made only a fraction of the Medicare and Medicaid payments claimed by the Rogers. The plaintiffs assert that they were forced to close their businesses entirely due to the shortfall of

Medicare and Medicaid payments.  CDSS offered to enter into a settlement agreement with the plaintiffs in lieu of pursuing the fraud allegations criminally if the plaintiffs agreed to terminate their suit in the Connecticut Superior Court, to allow a mortgage lien on their residence in New Hampshire, and to never again engage in the provision of health care in Connecticut.

On May 5, 2003, plaintiffs signed the settlement agreement proposed by CDSS.  They now assert, however, that the agreement was signed under duress because they had been forced out of business, were without funds to hire counsel, and were being threatened with criminal prosecution for fraud if they did not sign the proposed settlement agreement.

Plaintiffs allege that immediately after signing the agreement, they filed a whistleblower complaint[1] against CDSS for what they allege was an unethical attempt to circumvent the Connecticut Superior Court's stay order.  The whistleblower complaint further accused CDSS officials of improperly diverting

---

[1] The plaintiffs do not state with whom the complaint was filed.  The language of the complaint implies that the complaint was filed with CDSS because the plaintiffs state that after filing, they were notified by CDSS auditors that the complaint would be accepted for investigation.  The plaintiffs were told that the investigation would be conducted by the Connecticut Attorney General's office.

money from Medicaid health care providers and funneling it to state general accounts for other purposes.

In July of 2003, the plaintiffs were advised by an official from the United States Department of Health and Human Services ("HHS") that they were being considered from exclusion from provider participation in Medicaid and Medicare under § 1128(b)(5) of the Social Security Act.  After a lengthy exchange of correspondence wherein the plaintiffs challenged the exclusion with HHS directly, they received notice that exclusion would be effective on December 23, 2004.

Plaintiffs filed an appeal with the HHS Departmental Appeals Board ("DAB").  DAB eventually upheld the exclusion decision without granting the plaintiffs a due process hearing. Plaintiffs received the notice of DAB's decision to uphold the exclusion on January 31, 2006.  This action was filed sixty days later, seeking review of DAB's decision under the Social Security Act, 42 U.S.C. §§ 405(g), 1320a-7(f)(1); see Sternberg v. Sec'y, Dep't of Health & Human Servs., 299 F.3d 1201, 1205 (10th Cir. 2002).

<u>Discussion</u>

I.  <u>Subject Matter Jurisdiction</u>

Federal Courts are courts of limited jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co. Of Am.</u>, 511 U.S. 375, 377 (1994).  The presumption is that a federal court lacks jurisdiction.  <u>Id.</u>  Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Bender v. Williamsport Sch. Dist</u>, 475 U.S. 534, 541 (1986).  To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action either involves a federal question, or involves citizens from different states and an amount in controversy in excess of $75,000.  <u>See</u> 28 U.S.C. §§ 1331 & 1332.  If it appears that the courts lacks subject matter jurisdiction over the matter, the court is required to dismiss the action.  Fed. R. Civ. P. 12(h)(3).

By filing suit under the Social Security Act, plaintiffs invoke the federal question jurisdiction of this court.  <u>See</u> 28 U.S.C. §1331 (authorizing District Court jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States.").  This Court's jurisdiction over this claim

6

depends on the plaintiffs' exhaustion of administrative remedies by presenting the claims to the HHS prior to filing an action in this Court. Mathews, Sec'y of Health, Educ., & Welfare v. Eldridge, 424 U.S. 319, 328 (1976); Heckler v. Ringer, 466 U.S. 602, 617-18 (1984).[2]  For purposes of preliminary review, the plaintiffs have adequately alleged that they have presented their claims to the HHS and exhausted their administrative remedies to establish this Court's subject matter jurisdiction.

II. Service

Plaintiffs are required to serve a summons and a copy of the complaint upon a defendant to a civil action within 120 days of

---

[2]There is a second component to establishing the subject matter jurisdiction of this Court - the remedies must be fully exhausted. Doe v. Bowen, 682 F.Supp. 637, 640 (D. Mass. 1987). However, the exhaustion requirement:

> is waivable by the Secretary [of HHS] and, alternatively, subject to judicially enforced waiver when a showing has been made 1) that the claim presented to the court raises a constitutional challenge wholly collateral to the substantive claim of entitlement; and 2) that full relief cannot be obtained at a post-deprivation hearing because the claimant will suffer irreparable harm, or be damaged in a way not recompensable through retroactive payments.

Heckler, 466 U.S. at 617-18.  Because plaintiffs here allege that they have both presented and exhausted their claims administratively, I need not examine this second component further at this time.

the date the complaint was filed or else the court may dismiss the case for failure to prosecute. Fed. R. Civ. P. 4(m).[3] As of June 28, 2006, ninety (90) days after the complaint in this case was filed, the plaintiffs have filed neither summonses for processing nor any certificate of service indicating that either of the defendants have been served with a copy of the complaint. In accordance with Fed. R. Civ. P. 4(m), plaintiffs are hereby notified that this case may be dismissed without prejudice on July 28, 2006, unless the Court receives return of service documents or a motion to extend time to effect service by that date.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   June 28, 2006
cc:     Judy Pederson Rogers, pro se
        William Ernest Rogers, pro se

---

[3]Fed. R. Civ. P. 4(m) states:

> [T]he court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.